United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHARON BRIDGEWATER,

    Plaintiff,

    v.

HAYES VALLEY LIMITED PARTNERSHIP, et al.,

    Defendants.
_____/

No. C 09-3551 PJH

**ORDER OF DISMISSAL**

Plaintiff Sharon Bridgewater filed this action on August 3, 2009, against defendants Hayes Valley Limited Partnership (a/k/a Hayes Valley Apartments II L.P.) ("HVLP"); McCormack Baron Ragan Management Services, Inc.; MBA Urban Development Co.; The Related Companies of California, Inc.; and Sunamerica Affordable Housing Partnership. Also on August 3, 2009, plaintiff filed a request for leave to proceed in forma pauperis ("IFP"). Because the court finds that the complaint fails to state a claim, the complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e).

**BACKGROUND**

The following facts are taken from the allegations in the complaint and from the papers attached as exhibits to the complaint.

Plaintiff Sharon Bridgewater ("Bridgewater") is a participant in the United States

Government's Housing and Urban Development (HUD) rental assistance program (known as "Section 8").[1]  On January 5, 2005, Bridgewater entered into an agreement on January 5, 2005, with defendant Hayes Valley Limited Partnership ("HVLP"), owner of Hayes Valley Apartments, for lease of an apartment located at 427 Page Street in San Francisco.

On April 12, 2006, HVLP served Bridgewater with a notice to pay rent or quit.  The notice asserted that Bridgewater was delinquent in payment of the rent for the premises located at 427 Page Street, for the period September 2005 through March 2006.

On April 24, 2006, HVLP filed an unlawful detainer action against Bridgewater in the Superior Court of California, County of San Francisco, based on Bridgewater's alleged failure to pay rent as agreed.

On May 11, 2006, the parties entered into a stipulation for entry of judgment and dismissal.  HVLP agreed that Bridgewater could remain in possession of the premises at 427 Page Street if she paid a total of $2,674.00, which included past rent, attorney's fees, and court costs, to be paid in installments with payment complete by November 5, 2007.  Bridgewater alleges that she did not sign the stipulation, and that the person who did sign was a "household member" without authorization to sign for her.

On November 12, 2007, Bridgewater was served with another notice to pay rent or quit.  On November 26, 2007, HVLP filed a declaration of non-compliance with the May 11, 2006 stipulation for entry of judgment and dismissal, stating that Bridgewater had paid $2,036.00 toward the total of $2,674.00, but had failed to pay the remainder.  HVLP requested judgment in the amount of $638.00, possession of the property located at 427 Page Street, and a writ of possession to be issued immediately.

On December 17, 2007, the Superior Court entered judgment against Bridgewater for $638.00, and a judgment for possession of the premises at 427 Page Street.  The Sheriff of the County of San Francisco executed a proof of service dated January 16, 2008, showing service of the writ of possession on Bridgewater, and placing HVLP in possession

---

[1] This is a reference to Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437, et seq.

of the premises.

Bridgewater filed a request to vacate the judgment, and on January 22, 2008, the court issued an order vacating the judgment.  On January 31, 2008, Bridgewater signed a lease for rental of premises at 1769 Oakdale in San Francisco.

On February 19, 2008, the parties signed a stipulation for entry of judgment, providing that HVLP was to receive possession of the premises at 427 Page Street on April 3, 2008, and that a writ of possession would issue immediately if Bridgewater failed to restore possession to HVLP by vacating the premises by April 30, 2008.  The parties further agreed that in exchange for Bridgewater moving out by April 30, 2008, HVLP would waive all past due rent, in the amount of $2,124.74, and would also waive attorney's fees and costs.  The stipulation provided further that "[t]his stipulation shall be dispositive of all issues raised in [HVLP's] Complaint and all affirmative defenses which could have been raised in [Bridgewater's] Answer."

On December 17, 2008, Bridgewater filed suit in this judicial district against HVLP and other defendants, alleging violation of HUD regulations and also alleging state law claims.  See Bridgewater v. Hayes Valley Limited Partnership, C-08-5622 MHP.  On January 27, 2009, the court dismissed the federal claims pursuant to 28 U.S.C. § 1915, and dismissed the state law claims without prejudice to refiling them in state court.

Approximately seven months later, Bridgewater filed the present action.  The complaint is 93 pages long, exclusive of a "Separate Statement of Undisputed Facts," plus 17 exhibits.  The complaint alleges 22 causes of action, including federal claims for violation of Bridgewater's Fifth and Fourteenth Amendment rights to due process, under 42 U.S.C. § 1983; for violation of 42 U.S.C. § 1437 (Declaration of policy and public housing agency organization); 24 C.F.R. §§ 247.4 and § 966.53(c) (HUD regulations); for violation of § 504 of the Rehabilitation Act of 1974, 29 U.S.C. § 794; for violation of the Fair Housing Act, 42 U.S.C. § 3604; for violation of the Americans With Disabilities Act, 42 U.S.C. § 12182; and for violation of 18 U.S.C. §§ 241 and 242.

In addition, Bridgewater asserts numerous state law claims, including claims of

3

wrongful eviction; tortuous interference with contract; common law forcible detainer; common law retaliatory eviction; tortuous interference with right to quiet enjoyment of leasehold interest; extrinsic fraud on the court; intrinsic fraud; constructive fraud; intentional misrepresentation; conspiracy to commit extrinsic fraud on the court; intentional infliction of emotional distress; malicious prosecution; abuse of process; violation of the California Consumer Legal Remedies Act, Cal. Civil Code § 1780(b); conspiracy to commit intrinsic fraud; negligence; and negligent infliction of emotional distress.

Bridgewater seeks damages in the amount of $1,401,872,000,000.00 (one trillion, four hundred one billion, eight hundred seventy-two million dollars), and also seeks injunctive relief.

On September 8, 2009, the court received a letter from Bridgewater, in which she stated that it was her intention to "file a shorter, amended complaint within the next two weeks." As of the date of this order, no amended complaint has been filed.

**DISCUSSION**

A.   Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915( e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984 ).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

4

the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.  Analysis

The court finds that the federal causes of action must be dismissed for failure to state a claim, and/or for lack of subject matter jurisdiction. Bridgewater's federal claims attack either the notices to quit or pay rent, issued by HVLP in 2006 and 2007; the filing of the unlawful detainer action by HVLP in April 2006; the eviction pursuant to the writ of possession executed in January 2008; or the stipulation for entry of judgment, filed in February 2008.

As an initial matter, a number of Bridgewater's claims are time-barred. Under federal law, the statute of limitations begins to run when the plaintiff first "know[s] or ha[s] reason to know of the injury that is the basis of [the] action." RK Ventures, Inc. v. City of Seattle, 307 F.3d 1045, 1058 (9th Cir. 2002). Here, the allegations in the complaint establish that Bridgewater became aware of the alleged injuries at the time of their occurrence.

Cases filed under 42 U.S.C. § 1983 must be filed within two years from that date. See Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims, as amended in 2003); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (§ 1983 takes statute of limitations set forth under state law for personal injury claims). Thus, any § 1983 claims based on events that occurred prior to August 3, 2007 are time-barred. This includes any claims based on the April 12, 2006 notice to quit or pay rent; the April 24, 2006, filing of the unlawful detainer action; and the May 11, 2006, stipulation for entry of judgment and dismissal.

Cases filed under the ADA and the Rehabilitation Act must also be filed within two years of the date that the plaintiff became aware of the alleged injury. Courts in this circuit have applied the California personal injury statute of limitations to ADA and Rehabilitation Act section 504 claims. See, e.g., Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137 & n.2 (9th Cir. 2002) (assuming without deciding that personal injury statute applies to

ADA claim); Douglas v. California Dep't of Youth Authority, 271 F.3d 812, 823 & n. 11 (9th Cir. 2001), amended on other grounds, 271 F.3d 910 (9th Cir. 2001) (Rehabilitation Act claim). Thus, any ADA or Rehabilitation Act claim based on events that occurred prior to August 3, 2007 are also time-barred.

As for the claims based on events that occurred after August 3, 2007, which include the November 12, 2007 notice to pay rent or quit; the November 26, 2007 declaration of non-compliance with the May 11, 2006 stipulation for entry of judgment and dismissal; the December 17, 2007 entry of judgment; and the February 19, 2008 stipulation for entry of judgment, the court lacks subject matter jurisdiction over those claims.

With regard to the December 17, 2007 entry of judgment and the February 19, 2008 stipulation for entry of judgment, this court is without jurisdiction to review those claims. See Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Federal district courts lack subject matter jurisdiction to review such final state court adjudications or to exclude constitutional claims that are "inextricably intertwined with the state court's [decision] in a judicial proceeding." Feldman, 460 U.S. at 483, n.16. This rule applies even if such "inextricably intertwined" claims were not raised in state court. Id. 483-487 & n.16; see also Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir.1998) (Rooker-Feldman doctrine is jurisdictional).

A losing party in state court "is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994). In addition, the February 19, 2008 stipulation of judgment and dismissal clearly contemplated a final resolution of the matter, including resolution of any affirmative defenses that Bridgewater could have brought in connection with the state court action.

The HUD regulations regarding termination of a Section 8 lease agreement provide that tenancy may be terminated for serious violation of the terms of the lease, "including but not limited to failure to pay rent;" that eviction notice is given by "a notice to vacate, or a

6

complaint or other initial pleading used under State or local law to commence an eviction action;" and that "[t]he owner may only evict the tenant from the unit by instituting a court action." 24 C.F.R. § 982.310(a), (e), (f). Thus, "termination proceedings under Section 8's existing housing program are left by Congress and HUD to state law" and "the landlord can institute unlawful detainer proceedings in state court." Gallman v. Pierce, 639 F.Supp. 472, 478 (N.D. Cal. 1986).

In unlawful detainer actions under California law, tenants generally may assert legal or equitable defenses that "directly relate to the issue of possession and which, if established would result in the tenant's retention of the premises." Green v. Superior Court of San Francisco, 10 Cal. 3d 616, 633 (1974).

Among such defenses are claims of discriminatory and retaliatory evictions, as well as violations of the Fair Housing Act, all of which are claims Bridgewater has raised in the present action. See generally id. at 633 (in unlawful detainer action under California law, tenants may assert legal or equitable defenses that "directly relate to the tenant's retention of the premises"); Minelian v. Manzella, 215 Cal. App. 3d 457, 465 (1989) (defendant in unlawful detainer action can raise any affirmative defenses or cross-claims that are relevant to the right of immediate possession); see also Wasatch Property Management v. Degrate, 35 Cal. 4th 1111, 1117 (2005) (tenant may defend against unlawful detainer action by asserting that the lessor has not provided proper notice of termination, as required by statute); Schweiger v. Superior Court, 3 Cal. 3d 507, 517 (1970) (retaliatory eviction defense permitted in unlawful detainer action); Abstract Investment Co. v. Hutchinson, 204 Cal. App. 2d 242, 247-48 (1962) (tenant properly raised constitutional discrimination claims as affirmative defenses in unlawful detainer action).

Thus, the claims related to the November 12, 2007 notice to pay rent or quit, and the November 26, 2007 declaration of non-compliance with the May 11, 2006 stipulation for entry of judgment and dismissal are barred, as those claims could have been raised as defenses to the unlawful detainer action. Similarly, as strict compliance with notice conditions is a prerequisite for invoking unlawful detainer hearings, see Saberi v. Bakhtiari,

169 Cal. App. 3d 509, 516 (1985); Kwok v. Bergren, 130 Cal. App. 3d 596, 599-600 (1982), allegations related to a lack of notice requirements or lack of compliance with HUD regulations and California law could have been raised as defenses at the unlawful detainer hearing, to the extent that such claims are actionable.[2]

Finally, plaintiff cannot state a claim under 18 U.S.C. §§ 241 or 242, as those statutes, which provide a basis for criminal prosecution, do not provide a private right of action and cannot form the basis for a civil suit. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); see also Polk County v. Dodson, 454 U.S. 312, 320-21 & n.9 (1981).

## CONCLUSION

In accordance with the foregoing, the court finds that the federal claims must be dismissed, and that amendment will not cure the deficiencies in those claims. Thus, the dismissal of the federal claims is with prejudice. The court declines to exercise jurisdiction over the state law claims, see 28 U.S.C. § 1367(c); Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001), and those claims are dismissed without prejudice to refiling in state court. Accordingly, the action is dismissed.

The request for leave to proceed IFP is GRANTED, and no filing fee is due.

**IT IS SO ORDERED.**

Dated: November 20, 2009

PHYLLIS J. HAMILTON
United States District Judge

---

[2] The court notes, however, that 42 U.S.C. § 1437, which is entitled "Declaration of policy and public housing agency organization," provides no private right of action.

8