UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON BRIDGEWATER, | No. C 09-3551 PJH |
| Plaintiff, | **ORDER FINDING CASES NOT RELATED** |
| v. | |
| HAYES VALLEY LIMITED PARTNERSHIP, et al., | |
| Defendants. | |
| _____/ | |

Before the court is a motion to determine relatedness of <u>Bridgewater v. Hayes Valley Limited Partnership</u>, C-09-3551 PJH, and <u>Bridgewater v. Hayes Valley Limited Partnership</u>, C-09-5663 SBA.  The court has reviewed the complaints and the procedural history of the two cases, and finds that they are not related within the meaning of Civil Local Rule 3-12.

Under Rule 3-12, an action is related to another action when "[t]he actions concern substantially the same parties, property, transaction or event;" and when "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Civil L.R. 3-12(a).

Here, both cases involve substantially the same parties.  The plaintiff in both cases is Sharon Bridgewater, proceeding in propria persona, and seeking leave to

proceed in forma pauperis. Defendants in both cases are Hayes Valley Limited Partnership (also known as Hayes Valley Apartments II L.P.); McCormack Baron Ragan Management Services, Inc.; MBA Urban Development Co.; The Related Companies of California, Inc.; and Sunamerica Affordable Housing Partnership, Inc. Both cases also appear to involve the same "transaction or event" – the state court judicial action resulting in the eviction of Ms. Bridgewater for non-payment of rent. Thus, the first requirement under Rule 3-12(a) is met.

However, the court finds no likelihood of an "unduly burdensome duplication of labor and expense or conflicting results" if the cases are not assigned to the same judge. The earlier-filed case, C-09-3551 PJH, was filed on August 3, 2009, and asserted 22 causes of action – federal claims (including constitutional claims alleging Fifth and Fourteenth Amendment violations, and claims under the Rehabilitation Act of 1974, the Americans With Disabilities Act, the Fair Housing Act), along with numerous state law claims. On November 23, 2009, the court dismissed the federal claims pursuant to 28 U.S.C. § 1915(e), and declined to exercise supplemental jurisdiction over the state law claims (but advised plaintiff that she could re-file the state law claims in state court).

The second-filed case, C-09-5663 SBA, was filed on December 1, 2009, and alleges only one federal claim – a claim under 42 U.S.C. § 1983 alleging deprivation of the Seventh Amendment right to trial by jury – plus seven state law claims that are largely identical to state law claims asserted in C-09-3551 PJH. Plaintiff filed an amended complaint on December 10, 2009, alleging a claim of conspiracy to violate her Seventh Amendment right to trial by jury, and also adding three state law claims. She filed a second amended complaint (in violation of Federal Rule of Civil Procedure 15(a)) on December 14, 2009.

Because the court did not consider the merits of any of the claims alleged in C-09-3551 PJH, beyond determining under 28 U.S.C. § 1915 that the plaintiff had failed to state a claim as to the federal causes of action (or that the court lacked

jurisdiction over certain federal claims), and because there is no overlap between the federal claims alleged in the two actions, the court finds that there is no likelihood of duplication of labor and expense, and no likelihood of conflicting results if the cases are not related and assigned to the same judge.

Accordingly, the court finds that the two cases are NOT RELATED.

**IT IS SO ORDERED.**

Dated: January 7, 2010.                                      /s/
_____
PHYLLIS J. HAMILTON
United States District Judge